## MARY E. HARRIS

*v.*

## FREDERICK EVANS *et al.*

1. EXECUTION—*levy on personal property of sufficient value is a satisfaction.* The levy of an execution upon personal property subject to the execution, of value sufficient to satisfy the same, is, of itself, a satisfaction of

the execution, and no other levy can lawfully be made until the property levied upon has been sold in the regular course prescribed, and fails to pay the debt.

2. SAME—*irregular mode of sale, after levy on personal property, satisfies the judgment.* If, after a levy of any execution upon personal property, the officer wastes the property or experiments with modes of sale not recognized by the law, the debt is discharged, and the remedy is against the officer, unless the plaintiff is a party to the irregular proceeding, in which case his remedy is gone and the judgment is satisfied.

3. LEVY *upon personalty—whether sufficient.* Under the circumstances in this case, which are set forth in the opinion, it was held the levy upon wheat in the shock was sufficient, although the officer did not take manual possession of the property.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. RICE & MILLER, and Mr. G. W. PAISLEY, for the appellant.

Mr. EDWARD LANE, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

At the November term, 1873, appellant recovered a judgment against John P. Evans, Frederick Evans, and Josiah Whitten, in the circuit court of Montgomery county, for the sum of $826.65, upon a promissory note made jointly by them. The note was given for a liability of John P. Evans, and the others signed the note merely as an accommodation to John P. Evans, and this was known to appellant.

On the 30th of June, 1874, appellant sued out an execution upon this judgment, and placed the same in the hands of the sheriff of that county to execute. On the 6th day of July, 1874, the execution was levied upon a quantity of personal property owned by John P. Evans, a part of which consisted of wheat standing in shock in the field. All the above property, except the wheat, was regularly sold by the sheriff, and from that part of the property he realized $325, leaving $501.65 unsatisfied.

After the levy, the sheriff, at the request of appellant, put the shocks of wheat in charge of John P. Evans, to thresh and

sell the same, and pay the net proceeds to the sheriff upon this execution. Under this arrangement, John P. Evans caused the wheat to be threshed and marketed. There were sold 820 bushels, at ninety cents per bushel, making $738, and the cost of threshing and marketing was $102, leaving net proceeds of the wheat $636, sufficient to satisfy the execution and leave a surplus. Of this amount John P. Evans paid over to the sheriff $175, and converted the residue to his own use, leaving of the judgment debt unpaid the sum of $326.65.

In this condition of affairs, on the 4th of September the sheriff levied, by virtue of this execution, upon a tract of land as the property of Frederick Evans. Thereupon, Frederick Evans and Josiah Whitten, upon notice, moved the court to vacate the levy upon the land and to quash the execution, and upon hearing of the motion the court adjudged that the levy upon the land be vacated. From this judgment the plaintiff below appeals to this court.

The levy of an execution upon *personal* property subject to the execution, of value sufficient to satisfy the same, is, of itself, a satisfaction of the execution. No other levy could lawfully be made by virtue of that execution, until the property levied upon had been sold in the regular course prescribed, and had failed to pay the debt. In such case the execution would thereby be revived, and another levy might be made. If, however, instead of pursuing the regular mode of sale prescribed, the officer wastes the property, or experiments with modes of sale not recognized by the law, the debt is discharged and the remedy is against the officer. If the plaintiff is a party to the irregular proceeding, his remedy is gone and the judgment is satisfied.

It is contended, however, that in this case there was no sufficient levy made upon the wheat.

The sheriff indorsed upon the process, under date of July 6, 1874, that, by virtue thereof, he had levied upon one gray mare, (and six other horses and colts, describing them,) upon certain horned cattle (describing them), and about seventy acres of wheat, in the shock, on the farm of John P. Evans, all

taken as the property of John P. Evans. The proof shows that he afterwards sold, at sheriff's sale, all of this personal property (enumerated), except the wheat in the shock. The proof shows, that about the 4th of July the sheriff visited the farm of John P. Evans and inspected this property, but, not finding Evans, he indorsed no levy at that time, and that two days after, the sheriff met John P. Evans at the county seat, and John P. Evans gave to the sheriff, for the purpose of having him levy thereon, a list of this personal property, and the sheriff, then and there, indorsed on the execution, with the consent of John P. Evans, the levy mentioned. While the sheriff never took manual possession of the wheat indorsed as levied upon, still he had, in fact, the control of it. This was recognized by the attorney of plaintiff, who told the sheriff that "he might allow the defendant John P. Evans to thresh and market the wheat." His control of the wheat was recognized by John P. Evans, for the proof shows that the sheriff "gave the wheat in charge of John P. Evans."

After this, the possession of John P. Evans (as between him and the sheriff and the parties) was the possession of the sheriff.

The conduct and relations of the parties were such that they can not successfully claim any advantage of the fact that the sheriff did not take manual possession.

The judgment of the circuit court appears, upon the record, to be right, and is, therefore, affirmed.

*Judgment affirmed.*